6896

GRIFFIN v. FORRESTER.

1. WITNESS—CROSS-EXAMINATION—EVIDENCE.—Refusal to permit a plaintiff in suit on note to be asked if he had had trouble with other people in a particular locality in order to test his credibility is not an abuse of discretion.
2. EVIDENCE.—DECLARATIONS of a decedent as to what debts he owed are not competent in a suit against his personal representative on his note, as they are declarations in his favor.

Before GAGE, J., Greenville June, 1907. Affirmed.

Action by E. F. Griffin against William P. Forrester and McLane Forrester as executors of Mary P. Robertson. From judgment for plaintiff, defendants appeal.

*Messrs. Sirrine & Charles,* for appellant, cite: *Witness may be cross-examined in any way to affect his credibility:* 1 Green, 445, 446; 16 S. C., 540; McKlevey on Ev., 335; 44 S. C., 357.

*Messrs. Blythe* and *Blythe,* contra. Oral argument.

April 24, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action against the executors of Mary P. Robertson, on two promissory notes exe-

cuted by her, one for $500, dated 5th January, 1899, and the other for $12.50, dated 28 March, 1900.

The complaint is in the usual form.

The defendants' attorneys, in their argument, state that "the answer of the defendants is lack of knowledge or information sufficient to form a belief, with the further defense that they are informed, and believe, that testatrix was not indebted to Griffin at the time of her death, and if she ever executed any notes to him, they have been paid off and discharged."

At the trial, two receipts were offered in evidence for $55, and the other for $12.50, both bearing date the 29th of March, 1901.

The jury rendered a verdict in favor of the plaintiff for $694.91, and the defendant appealed.

The first exception was abandoned.

The next exception assigns error on the part of his Honor, the presiding Judge, in refusing to allow the defendants to ask the plaintiff, when on the witness stand, the following question: "Is it not a fact that you had some trouble with notes down in that section with other people?" on the ground that the question went to test the credibility of the witness, and was permissible on cross-examination.

The well-settled rule is that such questions must be left in large measure to the discretion of the presiding Judge, which was not abused in this case. *State* v. *Williamson,* 65 S. C., 247, 43 S. E., 671; *Kennington* v. *Catoe,* 68 S. C., 470, 47 S. E., 719; *State* v. *Sauls,* 70 S. C., 393, 50 S. E., 19; *City of Greenville* v. *Spencer,* 77 S. C., 50.

This exception is overruled.

Error is also assigned, because the presiding Judge sustained the objection made by the plaintiff to the following question, asked the witness David Cobb: "Did Mrs. Robertson, just before she died, tell you what debts she owed, and give you instructions how to pay them?" And the following question propounded to the wit-

ness Hugh Hyde: "Did Mrs. Robertson tell you anything about her indebtedness, when you paid her the money?" Also, to the following question asked the witness Baylis Butler: "Did you have a talk with her about her property, just before you drew her will?"

When the question last mentioned was propounded, the record shows that the following took place:

"Court: How is that competent? Mr. Sirrine: We are going to prove by this witness that Mrs. Robertson just before she died made her will, and gave Mr. Butler, this witness, direction about what debts to pay, and stated they were all the debts she owed. Court: If she told Mr. Butler she didn't owe this particular debt, it would not be competent. Mr. Sirrine excepts."

The questions which the presiding Judge refused to allow the defendants' attorneys to propound, related to declarations made by the deceased to the several witnesses, relative to the debts she owed, and were in favor of her interest. They were therefore incompetent.

The principle is thus stated in *Williams* v. *Mower,* 29 S. C., 332, 338, 7 S. E., 505: "The general rule upon this subject is, that while it is competent to introduce declarations of a party against his interest, it is not competent to introduce his declarations in his own favor, unless they were made in, and constitute a part of, the conversation brought out by the other side; and this we understand to have been the ruling of the Circuit Judge, in which we think there was no error." See also *Wilson* v. *Gordon,* 73 S. C., 155, 53 S. E., 79.

The judgment of this Court is, that the judgment of the Circuit Court is affirmed.