12738

DANTZLER v. SOUTHERN RY. CO. *ET AL.*

(149 S. E., 750)

288

*Messrs. Harley & Blatt,* and *Frank G. Tompkins,* for appellants,

*Messrs. Wolfe & Berry, W. C. Martin, R. C. Holman,* and *Brown & Bush,* for respondent,

September 25, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is a companion case of *Youngblood v. Southern Railway Company and Southern Railway—Carolina Division,* 149 S. E., 742, now in process of decision. The facts of the two cases are substantially the same. In the instant case, Dantzler, plaintiff's intestate, was employed by the defendants as a locomotive engineer, and on the morning of January 3, 1924, was operating, with Youngblood as conductor, one of defendants' trains, designated as extra 483, moving in a westerly direction over the main line from Branchville

to Columbia. At the same time, another of defendants' trains, extra 723, was moving over the same line of road in an easterly direction from Columbia to Charleston. These two trains met in a head-on collision about four miles west of the City of Orangeburg, and Youngblood and Dantzler received fearful injuries, from which they both shortly afterwards died. Both cases were tried at the June, 1927, term of the Common Pleas Court for Barnwell County, and in the case at bar the jury returned a verdict of $33,875 for the plaintiff. Motions for a directed verdict and for a new trial were duly made by the defendants and refused by the Court.

The questions presented by the appeal in this case, aside from alleged error in the admission of certain testimony, are the same as those raised by the appeal in the *Youngblood case,* and the opinion in that case disposes of all such questions, except the appellants' contention that the Court's charge as to the master's duty in providing the servant a safe place of work imposed upon the defendants a greater duty than the law requires. As to that assignment of error, presented in this case by the fourth exception, the contention is without merit. When the whole of the Court's charge on this point is read together, as it should be, it is found to be free from the error complained of.

As to the assignment of error in the admission of testimony: Street, a witness for the defendants, testified that he himself was a patient at the hospital and occupied the same room with Dantzler on the day of his death; that Dantzler told him that he had a dead meet order with extra 723 at Orangeburg, but that he had overlooked it. Apparently, for the purpose of rebutting this declaration against interest, the plaintiff sought, by the following cross examination, to lay the foundation for the introduction of testimony, by way of contradiction of the witness, showing other declarations made by the plaintiff's intestate in his own favor:

"Q. On the 3d of January, 1924, did not Mr. Dantzler state this, or these words in substance, to you and in your presence, and in the presence of the coroner, Dr. Rickenbaker, and in the presence of Mr. J. D. Hiott—you know him? A. Yes, sir.

"Q. His wife was sick in the hospital at the time? A. I don't know.

"Q. In the presence of those gentlemen, did not Mr. Dantzler state in your presence these words in substance: 'I followed my orders; the fellow dropped the clear board, or dropped the board, on me, and he has killed two of us, and the rest of us are going to die'? A. No, sir; he did not.

"Q. You deny that? A. Yes, sir; and I deny Mr. Hiott being in my room that day."

The plaintiff, in reply, asked her witness, Dr. Rickenbaker, the following question:

"Q. While Mr. Street and Mr. Hiott was there, did or not Mr. Dantzler say this in substance, or words to this effect: 'I followed my orders and the fellow up there dropped the clear board on me, and he has killed two of us, and the rest of us are going to die'?"

Counsel for defendants objected, but the Court allowed the witness to answer, and he testified that Dantzler made such statements, and that Street was in the room at the time. The Court should have sustained the appellants' objection. "The general rule upon this subject is that, while it is competent to introduce declarations of a party against his interests, it is not competent to introduce his declarations in his own favor, unless they were made in, and constituted a part of, the conversation brought out by the other side." *Williams v. Mower,* 29 S. C., 332, 7 S. E., 505, 507. See, also, *Wilson v. Gordon,* 73 S. C., 155, 53 S. E., 79; *Edwards v. Ford,* 2 Bailey, 461; *Darby v. Rice,* 2 Nott & McC., 596.

The testimony does not show, or even tend to show, that the self-serving declarations testified to by Rickenbaker were a part of any conversation in which Dantzler made the al-

leged declaration against his interest, testified to by Street. In fact, Rickenbaker testified that Dantzler made no such statement in his presence. Nor is it shown that the declarations made by plaintiff's intestate in his favor were a part of any other conversation brought out by the defendants. As these self-serving declarations, tested by the rule in the *Williams case,* were inadmissible, they could not be made competent by way of an attempted contradiction or in reply.

Judgment reversed, and case remanded for a new trial.

·MESSRS. JUSTICES BLEASE and CARTER, and MR. ASSOCIATE JUSTICE GRAYDON concur.

MR. JUSTICE COTHRAN dissents in part.

MR. CHIEF JUSTICE WATTS not participating.

MR. JUSTICE COTHRAN (concurring and dissenting) : I concur in the disposition made by Mr. Justice Stabler of exceptions 2, 3, 4, 5, 6, and 7. I do not concur in his disposition of exception 1. On the contrary, for the reasons stated in my concurring and dissenting opinion in the companion case of Youngblood, I think that the motion of the defendants for a directed verdict in their favor should have been granted.

My opinion, therefore, is that the judgment of the Circuit Court should be reversed, and the case remanded for judgment in favor of the defendants, under Rule 27.