13590

GREEN v. McDANIEL *ET AL.*

(168 S. E., 197)

*Messrs. W. B. McGowan* and *H. P. Burbage,* for appellant,

*Mr. C. G. Wyche,* for respondent,

February 28, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by plaintiff to recover the sum of $542.00 claimed to be due him under a rental contract with the defendants. He alleged that he owned a house and lot on Richland Street in the City of Greenville, and that in 1926 he rented the premises to the defendants, husband and wife, for which they agreed to pay him $60.00 per month, that they occupied the house but refused to pay the rent, and that they now owe him $600.00 for the last four months of 1926 and the first six months of 1927, less $58.00 credited on the indebtedness. The defendants denied the allegations of the complaint, and alleged that during the month of July, 1926, the defendant Etta G. McDaniel, at the request of the plaintiff, came to the City of Greenville and occupied

the premises in question; the consideration for such occupancy being, as agreed between them, that she should take care of the house and lot, maintain a room for plaintiff, and board him when he was in the city. The verdict was for the defendants, and the case is here on appeal.

On trial, plaintiff introduced testimony tending to establish his contention that a rental contract had been entered into between him and the defendants. When he was testifying, the following occurred:

"Q. Have you a record of this rent account? A. I think so.

"Q. Did you keep it yourself? A. Yes, I kept it.

"Q. Made out in your own handwriting? A. Yes.

"Q. What does that statement of account or record show the indebtedness to be? (Mr. Wyche objects to the record he has made—there is no question about that—the only question is was there a contract and what it was.)

"Court: According to the issue in the case I do not think it competent."

The plaintiff charges the trial Judge with error in not allowing him to introduce the statement of the account in evidence, contending that it was corroborative of his testimony that the contract had been made. The position of the respondents is that the action itself was on an alleged special agreement, and that appellant's entries of the account kept by him were not admissible as proof of such agreement.

In 22 C. J., 878, the rule is thus stated: "Books of account are not admissible to prove the terms or contents of a special agreement, or as evidence of a sum of money due under such an agreement. This rule has been extended so as to hold that the delivery of goods, the performance of services, or the payment of money under a special agreement is not provable by books of account, since by an agreement of this kind the transaction is taken out of the usual course of business dealings and the performance or nonperformance of the contract is susceptible of other proof."

In *Wells v. Hays,* 93 S. C., 168, 76 S. E., 195, 196, 42 L. R. A. (N. S.), 727, the Court had this to say in regard to the admission in evidence of books of account: "From time immemorial, the books of merchants, shopkeepers, tradesmen, and others, whose business or occupation necessitates the keeping of books, have been admitted in the Courts of this State to prove accounts for goods sold and delivered, services rendered, work and labor done, and materials furnished; but this Court has uniformly held that books of account or private memoranda are inadmissible for the purpose of proving special contracts, such as are not shown by or to be inferred from the entries alone, regularly and properly made in the usual course of business in books of one of the classes above mentioned."

Under the cited authority, it appears that there was no error as complained of. No question of debit or credit or balance due on an account arose under the pleadings. The issue was whether a contract had been entered into between the parties as alleged by plaintiff, and, as to this, he was allowed to testify fully. It was permissible, of course, for him to refresh his memory from the memoranda in his possession, but he could not use it further than in an attempt to establish the alleged special agreement between him and the defendants.

When the defendant, Ben F. McDaniel, was on the stand, he testified that he and his wife went to Greenville and looked at the premises, and that she and the plaintiff talked in the hallway of the house, the witness being nearby; that, in the conversation there had between them, his wife stated to plaintiff that her husband, the witness, had said that he was not going to pay 1 cent of rent. This testimony was objected to as being a self-serving declaration. The Court, however, ruled it competent, and admitted it over the objection made.

There was no error; this was not a self-serving declaration. The plaintiff had already given his version of the con-

versation. He testified that both the defendants were present and that Ben McDaniel told him that he would pay $60.00 per month rent for the house and lot. The defendants denied that the conversation was as stated by the plaintiff. It was certainly permissible, as held by the trial Judge, to allow the litigants to give their respective versions of what was said. To have done otherwise would have been reversible error.

The appellant also charges the trial Judge with error ■ in permitting, over objection, counsel for defendants to "browbeat, intimidate and insult plaintiff's witness, Joe Smith, while he was testifying," and especially directs the Court's attention to certain language used in the cross examination of this witness.

We have considered with care the matters complained of; and, while it was doubtless unnecessary for counsel to say some things which he did say in the course of his examination, we do not think the judgment should be reversed for this reason. It appears that the witness was uncertain about some of the facts to which he testified, shifting his position somewhat during the examination, and this seems to have caused the examining attorney to make the remarks objected to. While counsel should not be allowed by the trial Court to "browbeat" or to "lecture" a witness, the extent to which he may go on cross examination is necessarily left largely to the discretion of the presiding Judge; and, unless it is made to appear, as is not done in this case, that there was an abuse of discretion amounting to manifest error of law, a new trial will not be granted.

Complaint is made, by the seventh exception, that ■■ the verdict of the jury was contrary to the evidence.

This exception presents no question for this Court's consideration. We may say, however, that we have carefully read all of the testimony. As already pointed out, the issue was whether a rental contract had been made between plaintiff and the defendants as alleged in the com-

plaint; on this point the testimony was in sharp conflict, which required the submission of the question to the jury; the preponderance of the evidence and the credibility of the witness being matters entirely for them.

The exceptions raising the question that the trial Judge committed error in refusing to grant plaintiff's motion for a new trial refer the Court to other exceptions for the grounds upon which the motion was made. This violates Section 6 of Rule 4 of this Court. These exceptions therefore are not considered.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.