17054

DOROTHY BROWN, Respondent, v. FRANCES HILL and ONE 1948 PONTIAC, 1952 S. C. LICENSE NO. E-32286, Appellants

(88 S. E. (2d) 838)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-
ville, and *Harold Major,* of Anderson, *for Appellants,*

*Messrs. Richard J. Foster* and *Sol E. Abrams,* of Green-ville, *for Respondent,*

August 11, 1955.

LEGGE, Justice.

Respondent brought this action to recover damages for personal injuries resulting from alleged heedlessness and recklessness of appellant, her brother's wife, in the operation of appellant's automobile in which respondent was riding as a guest. On the date of the accident, September 26, 1952, both parties resided in Anderson, South Carolina; and on that evening, about 9:00 p. m., respondent, having accepted appellant's invitation to accompany her to Greenville, South Carolina, was sitting on the front seat of the car, a 1948 Pontiac convertible, which appellant was driving. On the rear seat were appellant's son and daughter, aged thirteen and fourteen respectively, and respondent's four-year-old daughter. The weather was clear and the highway dry. Traveling northward on S. C. Highway No. 81, about three miles from Anderson, the car left the pavement, proceeded for some distance on the right-hand shoulder of the road and on the side of the "fill", struck a tree, and, proceeding further, turned over and came to rest upside down, headed in the direction from which it had come. The car was completely demolished, and respondent sustained a compound fracture of the right femur, appellant three broken ribs, and appellant's daughter a broken arm. Appellant's son and respondent's daughter escaped serious injury. There were no eyewitnesses to the accident other than the occupants of the car.

Corporal Dubose of the State Highway Patrol, who arrived at the scene shortly after the accident, testified that, northbound, the highway at this point curves very sharply to the left; that its paved "black-top" is about twenty feet in width and is flanked on either side by a six-foot grass shoulder; and that it is on a sloping "fill" about three or four feet deep. Tire marks indicated that one or both of the right wheels of appellant's automobile had left the pavement before entering the curve; and there was a "pull mark" on the grass shoulder going around the curve for a distance of some twenty-five or thirty feet, after which the car had crossed a dirt side-road, had struck a tree about twelve

feet off to the right of the grass shoulder, and, some sixty or seventy-five feet beyond the tree, had turned over, heading back toward Anderson.

George W. Brown, respondent's husband, testified that he visited the scene two days after the accident and, some three months later, at the request of counsel, revisited the place and stepped off the distance from the point where the car had left the road to the point where it had come to rest, and that it measured seventy-three steps, or about two hundred nineteen feet.

Respondent testified that she had been talking with appellant, and that as they approached the curve she was looking straight ahead and saw no light indicating the approach of any car from the direction of Greenville; that just before reaching the curve the car jumped and jolted as the right wheels went off the pavement and upon the shoulder, and about then she glanced at the speedometer, which indicated a speed of seventy miles an hour; that up to that moment she had paid no attention to the speed of the car; that she had frequently ridden with appellant and considered her a careful driver; and that she herself had never driven a car.

Appellant testified that just as she "started to enter the curve" she was blinded by the lights of a car coming from the direction of Greenville; that two of the wheels of the approaching car were over on her side of the white center line of the road; that she applied her brakes and pulled to the right; and that she "ran on the shoulder of the road and lost control of the car"; and that her speed when the car left the highway was approximately forty-five miles per hour. Her son testified that she had begun to turn to the left into the curve when he saw the bright lights of an approaching car. He had no idea as to the speed at which appellant was driving. Her daughter's testimony, also, was to the effect that as their car was entering the curve the bright lights of an approaching car shone in her face.

This child's testimony as to the direction of the curve and as to the speed of their car was somewhat confused.

Section 46-801 of the 1952 Code, which governs this action, provides that "no person transported by an owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such motor vehicle or its owner or operator for injury, death or loss in case of an accident unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others". The purpose of this statute being to restrict liability to a guest to cases where injury has resulted from either intentional or reckless misconduct of the owner or operator, we have construed the words "his heedlessness or his reckless disregard of the rights of others" as meaning " 'his heedless and his reckless disregard of the rights of others' ". *Fulghum v. Bleakley,* 177 S. C. 286, 181 S. E. 30, 31.

The conflicting testimony to which we have referred, together with the physical facts testified to by Corporal Dubose without contradiction, was amply sufficient to carry to the jury the issue of whether the unfortunate accident was brought about by appellant's recklessness in approaching a dangerous curve without taking proper care, or in not having her car under control, or in operating it at a speed excessive in the circumstances. *Peak v. Fripp,* 195 S. C. 324, 11 S. E. (2d) 383. Appellant's Exception No. 1, charging error in the lower court's denial of her motions for nonsuit, direction of verdict, and judgment n. o. v., all of which were based upon the contention that there was no evidence of recklessness on her part, must, therefore, be overruled.

Exception No. 2 is as follows:

"The court erred in failing to grant appellant's motion for a new trial on the grounds stated in such motion, it being submitted:

"(a) That it was error to refuse the requests to charge by appellant numbered 6, 8 and 9, as expressly and fully set forth in the motion by appellant.

"(b) That the charge by the court to the jury in regard to the mortality table was erroneous as the court failed to instruct the jury as to how the table could be applied to the plaintiff's case and there was no testimony to support this charge as made.

"(c) That the verdict of the jury was contrary to the evidence and the law."

This exception does not comply with the requirements of Rule 4, § 6, of this court, and might for that reason be disregarded. *Holden v. Cantrell,* 100 S. C. 265, 84 S. E. 826; *Green v. McDaniel,* 168 S. C. 533, 168 S. E. 197. We have considered it, however, and find it without merit.

Appellant's sixth request to charge reads as follows:

"I charge you that whether speed of a motor vehicle constitutes reckless disregard of the safety of others depends upon whether the speed was so great as to show an entire absence of care for the safety of the guest, and was so great as to exhibit a conscious indifference to consequences". This proposition was substantially covered in the general charge, which included correct definition of recklessness and instruction as to the statutory requirements concerning speed and as to the legal effect of their violation. In addition, the trial judge instructed the jury, at appellant's request, "that unless you find from the evidence in this case that the defendant, Frances Hill, was driving the automobile in which plaintiff was riding at the time of the accident in such a manner that you can say she intended to injure the plaintiff, or in such a manner that it amounts to a reckless disregard of the safety of the plaintiff, then you must find for the defendant".

Appellant's eighth request to charge was as follows:

"I charge you that a guest in a motor vehicle cannot sit idly by, observe an operation of the vehicle at a dangerous,

excessive rate of speed or the driver failing to use due care or maintain proper control, and if the guest fails to protest, then she cannot be permitted to hold the driver liable for damages resulting from such violation of a legal duty".

As thus proposed, the request does not state a sound legal proposition, for the rule barring recovery by a guest passenger because of his failure to warn, or to protest, or to demand that the automobile be stopped so that he may leave it, is subject to the qualification that there be reasonable time and opportunity for him to give such warning or make such protest or demand. 5 Am. Jur., Automobiles, Secs. 478, 479, pp. 771, 772. Moreover, the trial judge instructed the jury, at appellant's request, "that a guest in a motor vehicle cannot abandon the exercise of her own faculties, and entrust her safety absolutely to the driver, but if she observes the driver driving at an excessive, dangerous or reckless rate of speed or without proper care or control, then it is her duty to warn the driver and to protest against such speed".

Appellant's ninth request was as follows:

"I charge you that if you find from the evidence that the negligence, recklessness and heedlessness of the plaintiff in failing to exercise care or caution for her own safety or affirmative action on the part of the plaintiff that was negligent, reckless or heedless and either was the proximate cause or combined and concurred with the defendant driver's recklessness or wilfulness to bring about plaintiff's damages, then plaintiff cannot recover and you will find for the defendant". As above written, this request is confusing. The principles embodied in it were adequately covered in the general charge, and it was not error to refuse to charge it *verbatim*.

Subdivision (b) of Exception No. 2 has been abandoned. Subdivision (c) is too general to be considered.

Exception No. 3 charges error on the part of the trial judge in failing to charge the jury "that the negligence and recklessness of an independent third party, which negligence and recklessness was the proximate cause of the accident, would relieve this defendant of any liability for the damages sustained by the plaintiff, this defense having been expressly plead in the answer of the defendant and supported by substantial testimony". In her fourth defense, appellant had alleged that while she was traveling on a curve in the narrow highway she met an automobile approaching at apparently high speed and partly on her side of the road; that this automobile failed to dim its lights, and she moved over to the right to avoid a collision, whereupon the right wheels of her car apparently ran off the right side of the road, causing her to lose control, "all of which resulted from the negligent, careless and reckless operation of the approaching automobile, the identity of its operator being unknown to the defendant. The defendants further allege that the injuries sustained by the plaintiff were the result of an unavoidable accident insofar as the defendants are concerned and without any carelessness, negligence, heedlessness, recklessness or wilful disregard of the rights of others on the part of the defendants". At the conclusion of his charge, having excused the jury, the trial judge asked counsel if any additional instructions were desired, and called their attention to the fact that he had neglected to charge the law of accident. No request for further instructions having been made, he then recalled the jury and charged them on the law of unavoidable accident, stating that this was one of the defenses set forth in the answer, and concluding with the instruction that "if you find that the collision was accidental and was not proximately caused by the recklessness of the defendant, then you would have to find in favor of the defendant". If counsel conceived that by such reference to the fourth defense the trial judge had incorrectly stated the issue, he should have called the judge's attention to such misstatement; if he had

desired a more detailed charge or further instruction with regard to the fourth defense, he should have requested it. Having done neither, he cannot now complain. *Drayton v. Industrial Life & Health Ins. Co.,* 205 S. C. 98, 31 S. E. (2d) 148; *Thigpen v. Thigpen,* 217 S. C. 322, 60 S. E. (2d) 621.

Upon the hearing of the motion for judgment n. o. v. or, in the alternative, for a new trial, there was before the court the stenographer's transcript of the trial proceedings. In this transcript the trial judge was quoted as having said, at the conclusion of counsel's argument of the motion for nonsuit: "I believe the things you have said are basically, should be directed to triers of the fact, which is the jury, not the triers of the law. I don't think I could see it as a matter of law. The only reasonable inference to be drawn from the whole testimony is that the driver of this car was not reckless, and I agree with you to this extent, that what you argue here is one reasonable inference to be drawn, but I think it is a jury question". In his order refusing the motion for judgment n. o. v. or new trial, the court stated that the above quotation was erroneous, and directed that this portion of the transcript be corrected to read as follows: "I believe the things you have said are basic, should be directed to the triers of fact, which is the jury, not the triers of the law. I don't think I could say as a matter of law that the only reasonable inference to be drawn from the whole testimony is that the driver of this car was not reckless, and I agree with you to this extent, that what you argue here is one reasonable inference to be drawn, but I think it is a jury question."

Exceptions 4 and 5, which question the right of the trial judge to thus settle the record of his own motion, are without merit. Obviously, the trial judge's statement had been erroneously recorded, for as transcribed it is quite incompatible with his ruling that immediately followed, refusing the motion for nonsuit. Moreover, his

statement of what he actually said is conclusive. *State v. Sessions,* 225 S. C. 177, 81 S. E. (2d) 287.

Exception No. 6 charges error in refusal of appellant's motion for new trial *nisi* upon the ground that "there was not sufficient or substantial evidence to support the amount of the jury's verdict, said verdict being the result of passion and prejudice and based upon improper and speculative evidence". So far as it was based upon the charge that the verdict was the result of passion and prejudice, the motion for new trial *nisi* was inappropriate. If a verdict is so grossly excessive as to indicate that the jury was moved by passion or prejudice, it is the duty of the trial court to set it aside, not reduce it. If its amount is such as to indicate merely undue liberality on the part of the jury, the power to reduce it rests with the trial judge alone, and his refusal to do so will not be reviewed here. *Nelson v. Charleston & W. C. Ry. Co.,* S. C., 86 S. E. (2d) 56. Considering the motion in the instant case as one for a new trial absolute, we find no abuse of discretion by the trial judge in his denial of it. At the time of her injury respondent was twenty-six years of age and in good health. She had been employed in the same textile factory for about eight years, and at the time of the accident her rate of pay was $1.00 per hour. From the testimony of the surgeon who performed the operation on her leg immediately after the accident, and under whose care she still remained up to the time of the trial more than a year later, it appeared that she had undergone six operations, had been hospitalized for some fifteen weeks, was still totally disabled, would require surgical attention for nine months or a year longer, and would have some permanent disability because of shortening of the injured leg and limitation of motion in the knee and hip. In view of this testimony, we cannot say that the verdict, for $10,000.00 actual damages, was so shockingly excessive as to require the conclusion that it was the result of passion or prejudice.

Affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.