17106

JIM JOHNSON, Admr., Appellant, v. FRANK GRIFFIN, Respondent

(90 S. E. (2d) 913)

*Messrs. John A. Martin,* of Winnsboro, and *George T. Gregory,* of Chester, *for Appellant,*

*Messrs. Hemphill & Hemphill,* of Chester, *for Respondent,*

January 12, 1956.

OXNER, Justice.

This is an action to recover damages for the alleged wrongful death of James Johnson. The administrator also brought an action to recover damages for pain and suffering endured by the deceased between the time of his injury and death. The two actions were tried together. At the close of the plaintiff's testimony, the trial Judge granted a nonsuit in each case. This appeal followed.

Briefly stated, it was alleged in the complaint that during the late afternoon of March 13, 1954, the deceased, a Negro 28 years of age, while riding in the cab of a truck owned and operated by defendant, fell or was thrown from the truck, after which the wheels ran over him, causing injuries from which he died on May 25, 1954. The specifications of alleged negligence, recklessness and wilfulness were (1) that the right door was worn, broken and would not fasten securely; (2) that the defendant failed to warn the deceased of the unsafe and defective condition of the door; (3) that defendant made a left turn at an excessive rate of speed; and (4) that he failed to keep said truck under proper control.

The only witness on the issue of negligence was deceased's father who testified to the following effect: He saw his son,

who was then in good health, at Winnsboro about three o'clock on the afternoon of March 13, 1954. Late that afternoon defendant came by his house, located in a rural section of Fairfield County, and stated that deceased had "fell out of the truck." Defendant further stated that he was taking him to the hospital and desired some member of the family to go along. He told defendant that he "didn't have no way to put my boy in the hospital right then", to which defendant replied, "don't fret about that, I will take care of it." He then went to the truck and saw his son lying in the seat. The right door of the cab was tied to the post of the steering wheel with haywire. Defendant unfastened the wire, after which he got in the truck and defendant again tied the door with the wire. On the way to the hospital he inquired of his son how he was injured, to which he replied, "Papa, I fell out of the truck turning around." He further stated that after he fell beside the truck, "the wheel run over him and struck him." At another point in his testimony the father of the deceased said his son told him that "the truck was turning around and the door come open and he fell out."

Ordinarily in a case of this kind statements by a deceased detailing the circumstances of his injury are incompetent. *Griffin v. Forrester*, 80 S. C. 220, 61 S. E. 389; *Dantzler v. Southern Railway Co.*, 152 S. C. 287, 149 S. E. 750; *Correll v. City of Spartanburg*, 169 S. C. 403, 169 S. E. 84. However, the declarations here were apparently admitted on the theory that they were made in the presence of defendant.

The record does not disclose why deceased was riding in the truck. We are, therefore, unable to determine what duty, if any, defendant owed him. During the argument on the motion for a nonsuit, plaintiff's counsel stated: "Our position is that he (the deceased) was a guest." If so, under the guest statute, Section 46-801 of the 1952 Code, the only duty defendant owed the deceased was not to injure him wilfully or by conduct in reckless disregard of his rights.

*Brown v. Hill,* S. C., 88 S. E. (2d) 838. The record negatives any theory of master-servant relationship between the parties, for the father of deceased testified that prior to the accident his son was engaged in hauling pulpwood for one Willie Brown.

There is certainly no testimony supporting either the allegation that the truck was being operated at an excessive rate of speed or the complaint that the defendant did not have the truck under proper control. The only other negligence alleged is that the door was unsafe and the defendant failed to warn the deceased of its defective condition. If, as counsel for plaintiff contends, the door would not fasten securely and had to be tied with a wire to keep it from opening, this would not furnish a basis of recovery for such a condition would have been obvious to any passenger riding in the cab of the truck. In Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, Volume 4, Section 2515, page 721, it is stated: "So, if a guest, with knowledge of the defective condition of the car and appreciation of the hazards involved, voluntarily assents to ride therein, he will be precluded from recovery for injuries in an accident resulting from the defects of which he has then been cognizant  *  *  *". It is elementary that a person has a duty to use ordinary care to avoid an injury that might otherwise result from the negligence of another.

The foregoing views are based on the assumption that the fall of the deceased from the truck was due to a defective door. But the only evidence as to the condition of the door was the fact that shortly after the accident it was tied to the post of the steering wheel. No one testified that the door would not fasten properly. Nor do we know deceased's position or what he was doing just before he fell. In short, the cause of his injury remains largely speculative and uncertain.

Finally, it is argued that defendant's statement, when advised by the father that he did not have any money to place

his son in the hospital, that he needn't "fret about that, I will take care of it", reasonably warrants an inference of admission of liability. But we do not think that this statement by defendant, doubtless prompted by humanitarian considerations, is susceptible to this construction.

It is true that where the injured party is dead and the only person in a position to explain the circumstances is the defendant, the Court in passing on a motion for a nonsuit will take a very liberal view of the testimony, *Brock v. Carolina Scenic Stages,* 219 S. C. 360, 65 S. E. (2d) 468, yet there must be some circumstances, absent here, reasonably warranting an inference of liability.

The order of nonsuit is affirmed.

STUKES, TAYLOR and LEGGE, JJ. ,and G. BADGER BAKER, Acting Associate Justice, concur.