11003

BROOKS v. FLOYD

(113 S. E., 490)

1. TRIAL—DIRECTION OF VERDICT FOR PLAINTIFF HELD IMPROPER, WHERE
THERE IS EVIDENCE TO SUPPORT DEFENSE OF DEFENDANT.—Where
there is any evidence tending to support the defense interposed
by defendant, the Court cannot properly direct a verdict for
plaintiff.

2. TRIAL—EVIDENCE SHOULD BE CONSTRUED MOST STRONGLY IN FAVOR
OF DEFENDANT ON MOTION FOR DIRECTED VERDICT BY PLAINTIFF.—
On motion for directed verdict by plaintiff, defendant is entitled
to have the evidence considered and construed most strongly in
his favor.

3. SALES—EVIDENCE AS TO DISCHARGE OF BUYER FROM LIABILITY HELD
SUFFICIENT TO GO TO THE JURY.—In seller's action for the invoice
price of a shipment of goods, evidence that, after receiving notice
from the buyer that the shippment had not been delivered, the seller
accepted the shipping papers, issued the buyer a written memo-
randum, crediting his account with the full invoice price of the
goods, undertook to collect the freight claim from the carrier, and
some 15 months afterward attempted to charge the amount back
to defendant buyer, *held* sufficient to go to the jury on the issue
whether seller had discharged or released buyer from liability.

4. APPEAL AND ERROR—EXCEPTION NOT ARGUED DEEMED ABANDONED.—
Where an exception is not argued, it will be deemed abandoned.

5. APPEAL AND ERROR—EXCEPTION TO REFUSAL TO GIVE AN INSTRUCTION
WILL NOT BE CONSIDERED, WHERE THE INSTRUCTION IS NOT SET OUT
IN THE RECORD.—An exception to the refusal to give a requested
instruction cannot be considered, where neither the instruction nor
any portion of the judge's charge is set out in the record.

Before GARY, J., Marion, fall term, 1921.   Affirmed.

Action by J. W. Brooks against E. C. Floyd.   Judgment for defendant and plaintiff appeals.

*Mr. M. C. Woods,* for appellant.   No citations.

*Mr. A. F. Woods,* for respondent, cites: *Claim properly assignable:* 20 S. C., 139.   *Force and effect of receipt was for the jury:* 78 S. C., 302; 2 McC., 418; 94 S. C., 212; 107 S. C., 250; 109 S. C., 105.

September 1, 1922.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Appellant, the plaintiff in the Court below, brought action against the defendant to recover the invoice price of a shipment of snuff.   Defendant admitted the purchase, but denied that the goods had ever been received, and alleged that, in consideration of his release to the plaintiff of the claim against the transportation company for the loss of the shipment, plaintiff had discharged him from any liability on account of the purchase.   In apt time plaintiff's counsel moved for the direction of a verdict, substantially upon the ground that defendant had entirely failed to establish his alleged defense of a release or discharge from liability. From judgment on verdict in favor of the defendant, plaintiff appeals upon exceptions which raise the one question of whether the Circuit Judge erred in refusing to direct a verdict in plaintiff's favor.

Under the well-settled rule, if there was any evidence tending to support the defense interposed by defendant, the trial Judge could not properly have directed a verdict.   Under the equally well-settled rule, on such motion defendant was entitled to have the evidence considered and construed most strongly in his favor.

We have very carefully examined and considered all the evidence in the light of appellant's contentions, with the result that we are satisfied the cause was properly submitted to the jury. The plaintiff, after receiving notice from defendant that the shipment purchased had not been delivered, accepted the shipping papers, issued the defendant a written memorandum, crediting his account with the full invoice price of the goods, undertook to collect the freight claim from the carrier, and some 15 months afterward attempted to charge the amount back to defendant, upon the ground that the credit previously given defendant was conditional. Neither a review of the evidence in detail nor a qualitative analysis thereof for "reasonable interference" would serve any useful purpose. The evidence made an issue of fact for the jury under appropriate instructions of the Court.

Appellant's second exception, directed to alleged error of the Circuit Judge in refusing to charge one of plaintiff's requests, was not argued, and we assume was abandoned. It has not been considered for that reason, and for the additional reason that neither the requested instruction nor any portion of the Judge's charge is set out in the record.

The judgment of the Circuit Court is affirmed.