13751

OTT v. AMERICAN AGRICULTURAL CHEMICAL CO.

(172 S. E., 304)

*Messrs. Benet, Shand & McGowan,* for appellant,

*Mr. C. T. Graydon,* for respondent,

January 10, 1934.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The gist of the complaint in this action was to the effect that the appellant employed, and contracted to employ, the respondent in its sales department for a period of one year, commencing July 1, 1931, and ending June 30, 1932, at a fixed salary of $185.00 per month, payable monthly; that the respondent continued in the employment until November 30, 1931, upon which last mentioned date he was discharged, without just cause or excuse, and in violation of the contract of employment; that he was paid the agreed monthly salary for six months only; and that the appellant was due him the balance of his salary for six months, amounting to $1,110.00.

On the part of the appellant, there was a general denial in its answer of the material allegations of the complaint, but in the evidence it conceded the discharge of the respondent from its employment, and undertook to show that it had made no contract with him for his employment for the year as he claimed.

The trial, in the Court of Common Pleas of Richland County, before Hon. Albert F. Woods, Special Judge, re-

sulted in a verdict of the jury, and entry of judgment thereon, in favor of the respondent for the full amount of his demand.

In the appeal, the appellant urges, first, that there should have been a directed verdict in its favor, on the ground that the evidence did not establish a definite contract for yearly employment, from June 30, 1931, to June 30, 1932, as sued upon, the undisputed evidence showing on the contrary that respondent had been paid at a different and higher rate for the months of July and August, thus negativing the contract as alleged and sued upon by the respondent; and that the evidence further showed that in the previous employment of the respondent by the appellant, his contract of employment had never run for a period June 30th to June 30th of any year.

The evidence is right confusing and conflicting in some respects. That of the appellant did seem to support the contention made by it in the motion for a directed verdict. It is to be admitted, too, that the evidence of the respondent, in some instances, was not very clear as to the terms of the contract. But he did swear, in effect and substance, in his direct examination, that the contract made by him with the proper representative of the appellant was as he had alleged in his complaint. The conflicts in the evidence, including the conflicting statements of the respondent, were all matters for the determination of the jury, and they were the judges of the credibility of the witnesses.

On the motion for a new trial, after a careful review of the evidence, the trial Judge said, "the direct testimony tending to establish a contract is not so strong and explicit as it might be, yet after considering all the facts and circumstances developed, and the inferences that might fairly and reasonably be drawn therefrom, I do not feel justified in saying that the jury was without warrant in deciding the issue in favor of the plaintiff."

Agreeing with that résumé of the evidence adduced in

the trial, we cannot say that there was error in refusing to grant the directed verdict asked for by the appellant.

Several requests for instructions to the jury, submitted by the appellant, were charged by the presiding Judge, but he refused to charge one in the following language:

"If during the period of employment the employee voluntarily accepts compensation at a different rate from that claimed under the contract of employment and you find that to be a fact, you may take such fact as found as a circumstance to show that the employee had accepted a new and different contract of employment."

The reason he gave for his declination to charge as requested was because he thought the instructions were "on the weight or effect of the testimony."

There was some testimony to show that during the several years of the employment of the respondent by the appellant, the respondent at some times accepted changes in his salary status at different periods during the year. But the respondent contended that his voluntary acceptance of such changes did not affect the terms of his contract for the period of time upon which he based his suit.

In our opinion, the refusal to charge the request, on the ground stated by the Judge, was proper, since the instructions would have been "in respect to matters of fact," which he was forbidden to give, under the constitutional provisions (Section 2, Art. 5). In addition, we think the general charge of the trial Judge, and the requests of the appellant which were charged, were altogether sufficient to take care of the legal proposition which counsl for the appellant had in mind when submitting the rejected request. The charge of the trial Judge was very clear, and fully covered all the law applicable to the facts of the case.

Finding no error, the judgment below must be, and is, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.