17310

LOIS M. SAXON, a minor over fourteen years of age, by her guardian *ad litem*, Respondent, v. WILLIAM L. SAXON and one 1951 Chevrolet pick-up, 1955 South Carolina License No. HT 34063, Appellants.

(98 S. E. (2d) 803)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, for Appellant,

*Sol E. Abrams, Esq.,* of Greenville, *for Respondent,*

June 12, 1957.

STUKES, Chief Justice.

This is an appeal from a judgment for $5,000.00 damages for personal injuries which were received in a motor vehicle accident. Plaintiff was the guest passenger of her father-in-law in his pick-up truck and her right is governed by the statute which is Section 46-801 of the Code of 1952, which follows:

"No person transported by an owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such motor vehicle or its owner or operator for injury, death or loss in case of an accident unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others."

The personal defendant, who will be referred to as the defendant, was driving the vehicle. He operates a produce

business in Greenville County, his home, and his wife and the plaintiff accompanied him on a trip to Columbia to buy produce. The accident happened on the return trip. The truck was heavily, but loosely, loaded with produce in crates. When a turn was made or the brakes applied, the load shifted in the body of the truck, of which defendant was aware. Having left a tire to be recapped, he borrowed another used tire and observed that it was "thin", the tread worn off. Patently, it was a weak tire and liable to blow out, especially when driven with a heavy load, at high speed on a hot day. Plaintiff did not know about the weak, borrowed tire and was not warned of the danger of it by defendant.

They had left their home before daylight and returning they stopped at Newberry for breakfast, after which, according to his own admission, he increased his speed. His passengers testified that he attained 70 miles an hour just before reaching the town of Fountain Inn and was warned several times by plaintiff that his high speed was dangerous, that a tire might blow out, but he paid no attention. He admitted traveling at from 55 to 60 miles per hour or possibly more, and that he was "taking a risk." As he reached the town limits he applied his brakes, which he testified caused his load to shift its weight to the weak tire, which blew out, the truck overturned and plaintiff was seriously injured. She testified that the truck was unsteady in the road, shifting from side to side at the high speed it was traveling.

Timely motions by the defendant for nonsuit and directed verdict were overruled. The principal ground of them was that the only reasonable inference from the evidence was that the proximate cause of the accident was the blowout of the tire, which does not support an action under the guest statute. Defendant's subsequent motion for judgment n. o. v. preserved the grounds upon which the prior motions were made and added the contention that the verdict for plaintiff for actual damages negatives a finding by the jury of recklessness, willfullness and wantonness, which is necessary for recovery under the guest statute. It

was overruled. Failing in the foregoing motions, defendant moved for new trial upon alleged error of the court in denying certain requested instructions to the jury, but the exceptions thereabout were not argued in this court and are considered abandoned. New trial was refused and appeal followed.

The first question is upon the premise that there can be no recovery by a guest whose injury resulted from the blowout of a tire. This overlooks the allegations and evidence of acts of negligence of the defendant operator of the vehicle.

It is uncontradicted that it was a very warm day—98 degrees—and defendant was charged with the common knowledge that such a high temperature increases the danger of a blowout of a weak tire. He knew of the latter because he had borrowed it and had put it on his truck himself. He disregarded the repeated warnings of his passenger of the danger of the high speed in which he persisted, particularly because of the danger of the blowout of a tire. He admitted, in effect, the added danger which was caused by his shifting cargo.

*Maland v. Tesdall,* 232 Iowa 959, 5 N. W. (2d) 327, 330 was a guest case. Defendant claimed that a blowout caused the accident. There was evidence of excessive speed and unheeded warnings to the driver, as here. The court held the evidence sufficient, in these words, "to warrant a finding of heedless disregard for, or indifference to, the rights and safety of decedent * * *. This is the test of reckless conduct." *Wolfe v. Marks,* 277 Mich. 154, 269 N. W. 125, was under a guest statute which required for recovery defendant's gross negligence or wilfull and wanton misconduct. Verdict was affirmed upon evidence of blowout of tire in which there was a boot. The occupants of the car smelled burning rubber and warned the driver-defendant who proceeded at high speed, although asked to stop. In *Cooper v. Chapman,* Ark. 1956, 289 S. W. (2d) 686, recovery by guest was sustained upon excessive speed after warnings by

passengers, again as here. The statute required wilfullness and wantonenss.

In *Glazer v. Grob,* 136 Me. 123, 3 A. (2d) 895, a ■ left rear tire blew out and the car left the highway and struck a pole. The action was brought under a guest statute requiring gross negligence. The court held that it was common knowledge that defective tires are a frequent cause of automobile accidents but that the mere fact that the tire has been driven some distance and blows out does not of itself make the driver of the automobile liable. In addition to the blowout, the unsafe condition of the tire must be established and that its condition was known to the owner and operator or could have been discovered by the exercise of reasonable care. The evidence showed the car was traveling 60 miles an hour or faster, and the defendant was asked to drive slower. As stated in *Splawn v. Wright,* 198 Ark. 197, 128 S. W. (2d) 248, whether an automobile is being operated in such a manner as to amount to wanton and wilfull conduct in disregard of the rights of others must be determined by the facts and circumstances of each individual case. It is one thing to persistently pursue a course of driving in a reckless and dangerous manner over the protest of the occupant of the car, and an entirely different thing to act in a negligent manner on the spur of the moment.

*Harlow v. Dan Dusen,* 137 Cal. App. (2d) 547, 290 P. (2d) 911, 913, was an action for the death of a guest passenger. The driver was making 65 to 70 miles per hour and started to pass another car. His automobile went into a spin. The California guest statute requires wilfull misconduct. The court, affirming the judgment, said:

"Although, as stated by appellant, excessive speed alone is not necessarily wilfull misconduct, nevertheless, as pointed out in respondents' brief, 'speed is an important element to be considered since it, coupled with other circumstances, may constitute willful misconduct'. In several reported cases, a speed of 60 miles per hour has been held to constitute willful misconduct when conjoined with such facts as a damp

highway, a misty night requiring windshield wipers, etc. * * * From such evidence the jury could well believe that the case was one coming within the purview of *Francesconi v. Belluomini,* 28 Cal. App. (2d) 701, 705, 83 P. (2d) 298, 300, where it is said: 'To us it seems clear that one who, while driving an automobile, knowingly flirts with danger and without necessity or emergency compelling him, "takes a chance" on killing or injuring himself and others, who may be so unfortunate as to be riding with him, is guilty of willful misconduct.' "

*Crupe v. Spicuzza,* Mo. App. 1935, 86 S. W. (2d) 347, 351, was not a guest statute case but involved excessive speed and the blowout of a tire. The following well-reasoned excerpt from the opinion is pertinent to the facts of the case in hand: "Nor was the blowout to be regarded as an efficient intervening cause, so unusual and improbable as not reasonably to have been anticipated by defendant, and therefore sufficient, as defendant argues, to have broken the chain of causal connection between the negligent speed of the automobile and the resulting injury. Instead it is again a matter of common knowledge that blowouts most frequently occur as the result of the heat and vibration which attend high speed of operation. It would follow, therefore, that the speed, the blowout, and the injury were all so linked together in a succession of events as for all of them, in a legal contemplation, to have become a continuous whole, and to have entitled the jury, as it was permitted to do by the instruction, to find that the negligent speed, which was the first event in order, was primarily productive of the injury."

The effect of the guest statutes and decisions thereunder are discussed in 4 Blashfield, Perm. Ed., 343 *et seq.,* chapter 64. It is stated at page 389, Sec. 2323, as follows: "Whether or not the facts in any particular situation make out a case entitling an invited guest or gratuitous passenger to recover, or, otherwise stated, whether the operator's acts or omissions in the operation of the car constitute a breach of his duty to the guest in any specific case,

cannot usually be answered by stating any one element in the situation or one item of the driver's conduct, but everything is to be weighed together. Thus it is ordinarily a question of fact to be determined by the jury or the court sitting without a jury, upon a consideration of all relevant circumstances, whether the operator has or has not exercised the requisite care toward a guest, alike where the requirement is one of ordinary care, as under the common-law doctrine in most states, or whether it is some less degree of care, as under the rule adopted by a few states as a part of their common law or the various rules of the guest statutes, in any case where fair-minded men could find for either party upon the evidence. * * * Whether or not a host has been guilty of wilfull or wanton misconduct, gross negligence, or other conduct denounced by the various statutes previously discussed is to be determined from the circumstances of each case, and every act or omission entering into the particular happening must be considered in connection with all the other circumstances. It is not necessary that any single circumstance should in itself afford a basis for the conclusion that the host's conduct has been of the kind condemned by the law, but it is sufficient if such a conclusion is warranted by a combination of circumstances." Further at page 402: "High or excessive speed may, in the light of the other factors appearing in the case, be sufficient to serve as a foundation for liability on the score of gross negligence, wantonness, or recklessness, as where the driving is at night, or under adverse weather or road conditions, or in disregard of the protests of the guest." And at page 458, with which we also agree: "The mere fact that a tire blows out does not alone show wilfull or wanton misconduct."

The following is from 9C Blashfield 93, Sec. 6115: "It has been ruled further that the plaintiff must not only establish the defective condition of the tire and the motorist's knowledge of the defect and the fact that such defect proximately caused the injuries complained of, but must show also that, if the motorist knew of the defect, he realized or

should have realized that it involved an unreasonable risk to his guest; that the defect was so concealed as not to be reasonably obvious to the guest; that the guest had no knowledge of its existence; and that the motorist failed to warn the guest of the defective condition and of the risk involved."

Appellant cites the annotation in 24 A. L. R. (2d) 161 upon the subject of liability for an accident occasioned by a blowout or other defect of a tire, and particularly the generalization at page 174, as follows: "The cases considering the question whether an accident injuring a guest and attributable to a defective tire could be regarded as gross negligence within the meaning of an applicable guest statute have usually answered it in the negative." For the purpose of this appeal, the quotation may be conceded to be sound because it does not contemplate foreknowledge of the defect or accompanying acts of negligence, as existed in the case in hand. The editor of the annotation so recognizes as is seen from the following excerpts from pages 164 and 166: "A very important factor which enters into the determination of liability on the part of the host is the knowledge which the host has regarding the condition of the tires on his vehicle. Liability is generally found to exist where the host knew, or in the exercise of reasonable care should have known, that the tires were defective. * * * The owner or operator of a motor vehicle is generally conceded to be liable for injuries to a guest passenger when the injuries were caused by the failure of a tire, and the owner or operator knew, or in the exercise of reasonable care should have known, that the tire was in a defective condition."

A subsequent case to those reviewed in the annotation is *Ridley v. Grifall Trucking Co.*, 1955, 136 Cal. App. (2d) 682, 289 P. (2d) 31, in which a bystander was injured by a rock cast on him by a blowout. Verdict of $20,000.00 was sustained upon plaintiff's contention of threefold negligence: (1) driving with worn tires (2) among rocks large enough

to cause blowouts and (3) with excessive air pressure in the tires.

Appellant also relies upon and quotes in his brief from *Heesacker v. Bosted,* 131 Neb. 42, 267 N. W. 177, which was under a guest statute that required gross negligence. Defendant had borrowed the tire which blew out but it had been run only 10,000 miles and the ordinary life was 20,000. It had in it a boot but the tread was good. There was no evidence of excessive speed or other negligence. Verdict for plaintiff was reversed, but the factual differences between that case and this are apparent.

There is also cited by appellant *Woolf v. Holton,* 1949, 240 Mo. App. 1123, 224 S. W. (2d) 861, involving a guest statute which required for liability intention, heedlessness or reckless disregard of the rights of others. Defendant before undertaking the long trip, on which plaintiff was his guest, tried unsuccessfully to get new tires from his ration board and concluded that his tires were safe, as the board must have. He inspected them four times a day when traveling. One blew out and caused the accident. There was no evidence of excessive speed or other negligence. Verdict for plaintiff was set aside, but again factual distinctions are manifest.

The following additional decisions which appellant has cited have been carefully considered and none is found to be applicable to the facts of the case *sub judice.* They will be briefly reviewed. *Mike v. Lian,* 1936, 322 Pa. 353, 185 A. 775, was under a statute which required wilfull or wanton misconduct. There was no evidence of negligence save blowout of five-year-old tire which had never been inspected. In *Anderson v. Anderson,* 1935, 142 Kan. 463, 50 P. (2d) 995, the statute required gross and wanton negligence. A tire gave way which had been run 17,000 miles and was worn, but the evidence left uncertain whether it or a new one, which was found with a nail puncture after the accident, caused the wreck. There was no excessive speed or evidence of other negligence. In *Riggs v. Roberts,* 1953, 74 Idaho

473, 264 P. (2d) 698, requisite of the statute was "reckless disregard." It was held as matter of law that there was only ordinary negligence. The tire which blew out was worn and smooth, but the court found that the evidence did not establish even negligence in that respect, nor was defendant negligent with respect to speed. In *Gifford v. Dice,* 269 Mich. 293, 257 N. W. 830, 96 A. L. R. 1477, the only evidence of negligence was the worn tire which blew out, and defendant's knowledge of its condition.

The second question challenges the conclusion of the trial court that there was evidence of recklessness in the failure of defendant to have the vehicle under proper control, and in his excessive speed. Appellant cites the statutes relating to the permitted highway speeds of motor vehicles, Section 46-361 *et seq.* of the Code; and Sec. 26-7, under which the burden is upon plaintiff to prove negligence which is the proximate cause of the accident under investigation, despite the statutory speed limits.

Sec. 46-361 provides: "No person shall drive * * * at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." Defendant's weak tire was a hazard known to him and it was increased by the heat, his shifting load and high speed, of which he was repeatedly reminded in vain protest by plaintiff.

Fifty-five miles per hour is the maximum speed fixed by sec. 46-362 which continues: "Any speed in excess * * * shall be *prima facie* evidence that the speed is not reasonable or prudent and that it is unlawful."

The evidence for plaintiff has been stated sufficiently to show that it was ample for submission to the jury upon the issue of heedlessness and recklessness with respect to defendant's control of his vehicle and the speed of it, especially under the circumstances of his weak tire and his shifting load. His wife explained his conduct in testimony by saying that he was late in returning to his business.

We quote and affirm the following from the order denying new trial, which is a model for clarity and conciseness:

"There is sufficient evidence of recklessness considering the speed and the other conditions to submit the issue of recklessness and proximate cause to the jury. It is for the jury to determine whether or not the defendant was reckless in driving at a speed in excess of the speed laws of the State of South Carolina and whether said speed contributed to the blowout. It is also a question for the jury as to whether the defendant recklessly failed to have the defendant vehicle under proper control according to the conditions known to him to exist at that time and at that place."

The third question of appellant contends that the jury having included no amount in the verdict for punitive damages, absolved defendant from willfullness, wantonness or recklessness, without proof of which there can be no recovery under the guest statute. We do not think that the verdict should be so interpreted.

The complaint demanded judgment for $5,000.00, which was the amount of the verdict for actual damages. Appellant does not contend that the amount of actual damages which was awarded is excessive. The trial court instructed the jury as follows, to which there was no exception: "Should your verdict be for the plaintiff, gentlemen, it would be in this form: We find for the plaintiff so many dollars. Write that out. Do not use figures, and sign your name, Mr. Foreman. So many dollars actual damages. Now, should you see fit to go further and assess punitive damages, you merely make the additional notation so many dollars actual damages and so many dollars punitive damages, and sign your name, Mr. Foreman. If you do not see fit to assess punitive damages, but you do see fit to assess actual damages, make no mention of punitive damages, and that would be form number one."

When the jury awarded $5,000.00 for actual damages, they exhausted the demand of the complaint and there was

no room for additional, punitive damages. Moreover, the instructions in effect left punitive damages in the discretion of the jury, which appears to be contrary to *Beaudrot v. Southern Ry.*, 69 S. C. 160, 48 S. E. 106; *Sample v. Gulf Refining Co.*, 183 S. C. 399, 191 S. E. 209; *Davenport v. Woodside Cotton Mills*, 225 S. C. 52, 80 S. E. (2d) 740; and earlier cases. However, as said, there was no exception to this feature of the instructions.

Appellant cites *Taylor v. Atlantic C. L. R. Co.*, 217 S. C. 435, 60 S. E. (2d) 889, for the comment there that the verdict in that case having been for actual damages, it was fairly inferable that the jury found only simple negligence. It was not of parallel facts to this. It was an action upon simple negligence and upon willfullness and wantonness against the railroad company and the engineer (and conductor who was eliminated as a defendant) of the train which was involved in a highway crossing collision. Verdict was in favor of the remaining personal defendant, whose duty it was to control the speed of the train and give the statutory crossing signals or other warning of the approach of the train. The verdict absolved him from all alleged delicts and found actual damages against the company alone. In the consideration of the appeal in that case we think that it was proper, albeit unnecessary, to infer from the verdict that the jury found simple negligence on the part of another or other agents of the railroad company. It is seen that the authority of the case is not applicable to this.

A further consideration here is that the court clearly and repeatedly instructed the jury that they could find a verdict for plaintiff only if they found defendant guilty of heedless or reckless conduct (even at one point reading to them the statute verbatim, as set out above) in at least one of the particulars charged in the complaint which were submitted to them. Implicit in the verdict is the finding of such heedless or reckless conduct. The jury had to find that in order to return any verdict for plaintiff.

Appellant poses a final question, "Was the verdict contrary to the law and the evidence?" It is too general and indefinite to present any question, and we do not further consider it. Like fate met a similar question (exception) in *Brown v. Hill,* 228 S. C. 34, 88 S. E. (2d) 838, which was a guest case and there was affirmed verdict for plaintiff against her sister-in-law. *Pardue v. Pardue,* 167 S. C. 129, 166 S. E. 101, was an unsuccessful appeal of judgment in favor of a wife against her husband in a guest statute case.

The exceptions are overruled and the judgment affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.