18182

Cornelius K. CHRISTY, Jr., by his Guardian *Ad Litem,* Cornelius K. Christy, Sr., Appellant, v. Raymond O. REID, James O. Reid, and one 1954 Lincoln, bearing 1963 S. C. License No. E 85-808, Respondents.

(135 S. E. (2d) 319)

*Messrs. Harold N. Morris* and *Paul Montjoy,* of Green-
ville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-
ville, *for Respondents,*

March 11, 1964.

TAYLOR, Chief Justice.

Appellant, by his guardian *ad litem,* brought this action
to recover damages for personal injuries resulting from an

automobile accident in which Appellant was riding as a guest. The Complaint alleges the accident was occasioned by the negligence and recklessness of the Respondents, James O. Reid, the owner of the automobile, and his son, Raymond O. Reid, the driver, and contains specifications of excessive speed, failure to keep the vehicle under proper control, and a defective steering mechanism.

The answer of the Respondents consisted of a general denial, pleaded the Guest Passenger Statute, alleged contributory negligence and recklessness of Appellant, and contended that the accident came about as a result of a sudden failure in the steering mechanism.

At the conclusion of Appellant's evidence, the trial judge granted Respondents' motion for an involuntary nonsuit on the grounds Appellant had failed to prove any recklessness or heedless disregard of the rights of others by the Respondents. Exception was taken and this appeal followed.

The one-car collision occurred approximately 4 P. M. on December 6, 1962, in the 300 block of Grove Street in the City of Greenville. Grove Street has four lanes of cement construction; and at the point where Respondents' automobile left the roadway, there is a slight curve to the driver's left in a 35 m. p. h. zone. Appellant received serious injuries when the automobile while turning to the left, skidded to the right, struck the curb and traveled approximately 64 feet on the shoulder and sidewalk and struck a telephone pole. The impact was of such force that the telephone pole was severed, whiplashing the wires in such a manner as to cause the top of the adjoining telephone pole to break off. The automobile then overturned.

In considering whether the trial Judge erred in granting Respondents' motion for involuntary nonsuit, the evidence and the reasonable inferences to be drawn therefrom must be viewed in a light most favorable to Appellant. If more than one reasonable inference can be drawn from the evidence, the case must be submitted

to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer for the jury but one of law for the Court.

Section 46-801, Code of Laws of South Carolina, 1962, provides that "No person transported by an owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such motor vehicle or its owner or operator for injury, death or loss in case of an accident unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." As construed by this Court, the foregoing Section restricts liability to a guest where injury has resulted from either intentional or reckless misconduct of the owner or operator of the motor vehicle. *Fulghum v. Bleakley,* 177 S. C. 286, 181 S. E. 30; *Brown v. Hill,* 228 S. C. 34, 88 S. E. (2d) 838; *Saxon v. Saxon,* 231 S. C. 378, 98 S. E. (2d) 803; *Benton v. Pellum,* 232 S. C. 26, 100 S. E. (2d) 534; *Jackson v. Jackson,* 234 S. C. 291, 108 S. E. (2d) 86, and *Crocker v. Weathers,* 240 S. C. 412, 126 S. E. (2d) 335.

Our inquiry, therefore, is directed to whether Appellant presented any evidence that shows Respondents guilty of either intentional or reckless misconduct which proximately caused the accident.

At the time of the accident, there were 6 occupants of the Reid automobile, 4 boys and 2 girls, all of whom were minors. The automobile was proceeding from Appellant's home to carry the two girls to the Greenville Y. W. C. A. The boys planned to go from the Y. W. C. A. to Carolina High School for basketball practice. Appellant admits in his brief that there is no claim of intentional misconduct on the part of Respondents. The primary contention of wrongdoing is that of excessive speed and that there was a defect in the steering mechanism of the automobile, known to Respondents and unknown to Appellant. Eight witnesses were presented on behalf of Appellant, 2 of whose testi-

mony related only to the extent of the injuries received by Appellant. Appellant and his sister, Nancy Lee Christy, also an occupant of the automobile, testified they could remember nothing about the accident. Appellant's older brother, Ronald Christy, age 18, could remember few details of the wreck and could testify as to no excessive speed. He further testified that some time before the accident something was wrong with the steering apparatus which had been repaired. Cornelius K. Christy, Sr., Appellant's father, testified that in a conversation with James O. Reid, the Respondent owner of the automobile, he was told there had been trouble with the steering mechanism on the car and that it had been repaired. The remaining 2 witnesses for Appellant were police officers, whose testimony related to the physical facts previously given.

Appellant takes the position that the physical evidence adequately supports his contention that the case should have gone to the jury and relies on the recent case of *Yaun v. Baldridge et al.*, S. C., 134 S. E. (2d) 248. In *Yaun,* a guest passenger case involving only one vehicle, the automobile veered to the right of the highway, traveled for about 50 feet on the shoulder and struck a tree. There were no brake marks and no physical evidence of attempt to control the direction of travel. The tire tracks left the highway at an angle and were straight to the point of impact. No other traffic or obstacle on the highway was involved. The Court said that "These undisputed facts, standing alone, are susceptible of either of two inferences: (1) That the defendant deliberately brought about the collision; or (2) that the defendant exercised no control over the movement of the automobile just prior to the collision. Either inference inculpates him and calls for a reasonable explanation."

In the present case, we think the trial Judge erred in granting Respondents' motion for involuntary nonsuit. It is true that there was no direct evidence presented by Appellant's witnesses as to excessive speed,

and it is doubtful whether the evidence presented as to faulty steering mechanism is sufficient to warrant a reasonable inference of recklessness; however, the fact that the automobile, in the city limits, in a 35 m. p. h. zone, while making a left turn, skidded to the right, jumped the curb, traveled approximately 64 feet before striking a telephone pole with such force as to completely sever it and turn over is susceptible of the inference that the driver acted in reckless disregard of the rights of its passengers sufficient to require submission of the case to the jury.

For the foregoing reasons, we are of opinion that the Order appealed from should be reversed and the case remanded for trial in accordance with the foregoing; and it is so ordered. Reversed and remanded.

Moss, Lewis, Bussey and Brailsford, JJ., concur.