## 20161

DUKE POWER COMPANY, Appellant, v. Manila C. OPPERMAN, Individually and as Executrix of the Estate of C. W. Opperman, Respondent.

(221 S. E. (2d) 782)

*Messrs. Miley and Macaulay,* of Walhalla, and *Fedder and Derrick,* of Seneca, *for Appellant,*

*G. Ross Anderson, Jr., Esq.,* of Anderson, *for Respondent,*

January 29, 1976.

LITTLEJOHN, Justice:

This condemnation proceeding was tried before a jury in Oconee County, for the purpose of determining the amount of just compensation to which the landowner, Opperman, was entitled by reason of a taking of land for public use by Duke Power Company. The jury returned a verdict in the amount of $42,000.00. Duke Power Company has appealed.

Duke submits that a new trial should be held and files nine exceptions raising three questions, which we copy from the brief of counsel.

Duke first suggests error on the part of the trial judge as follows:

Did the Trial Judge err in permitting, over objection, the Landowner's Appraiser, who sought to prove directly his values by comparable sales and his own personal experience, to give his estimate of damages resulting from the acquisition when he was unable to give any rational basis for such an exaggerated evaluation?

The argument of appellate counsel, in written brief and oral statement before the Court, is largely directed at the quality of the expert testimony rather than its admissibility. John Brock, who testified for the landowner, is a licensed real estate broker with eight years experience in real estate appraisal work. He was definitely qualified to testify, and if he could give no rational basis for his testimony, as contended by the appellant, it was a matter for the jury to consider. We cannot say that his testimony should have been stricken and, accordingly, the exceptions addressing themselves to this question are without merit.

Next, appellant questions:

Did the Trial Judge err in denying Duke's motion for a mistrial and in failing to properly protect the rights of Duke against the arguments of Counsel for Landowner which exceeded the bounds of proper argument?

In the case of *Crocker v. Weathers,* 240 S. C. 412, 126 S. E. (2d) 335 (1962), this Court indicated the method by which objections to argument of counsel could be preserved for review by this Court. In this case, the record has not been preserved and the appellant has failed to carry the burden of proving error warranting a new trial.

Thirdly, the appellant asks:

Did the Trial Judge err in denying Duke's motion for judgment notwithstanding the verdict or, in the alternative, a new trial *nisi* in that the verdict was patently

the produce of passion, prejudice or caprice in view of the only competent and credible evidence adduced at the Trial,

There is no contention in this case that the landowner is not entitled to recover. The dispute is as to the amount. The testimony ranged from a low by Duke's appraiser, John C. McPhail, in the sum of $12,735.00, up to $111,000.00, which was the testimony of the landowner. The owner's appraiser, John Brock, testified that the damages should be $95,903.49. The jury returned a verdict of $42,000.00, which is well within the range of the two extremes. It is actually closer to the amount suggested by Duke's own appraisers than to the amount suggested by the landowner and his appraiser. We find no error on the part of the trial judge in refusing to grant the post-trial motions.

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.